1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
10
11  ANTHONY JAMES MEDRANO,            Case No. 2:23-cv-06431-MRA-BFM
12                    Petitioner,     **ORDER ACCEPTING**
                                      **MAGISTRATE JUDGE'S REPORT**
13        v.                          **AND RECOMMENDATION**
14  KEVIN HIXTON, Acting Warden,
15                    Respondent.
16
17
18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records
19  and files herein, the Magistrate Judge's Report and Recommendation, and
20  Petitioner's Objections to the Report and Recommendation.  The Court has engaged
21  in a de novo review of those portions of the Report and Recommendation to which
22  objections have been made.
23        The Report and Recommendation ("Report") recommends denial of the
24  Petition and dismissal of this action with prejudice.  (ECF No. 30.)  Petitioner's
25  Objections to the Report (ECF No. 32) do not warrant a change to the Report's
26  findings or recommendation.
27        Petitioner objects that he is entitled to habeas relief for Ground One, in which
28  he claims the trial court erred by failing to instruct the jury with the lesser-included

offense of voluntary manslaughter based on heat of passion.  (ECF No 32 at 2-4.)  As the Report found, the claim does not present a federal question and has not been recognized by the United States Supreme Court as a due process claim in non-capital cases such as Petitioner's case.  (ECF No. 30 at 17-18.)  Nor was Petitioner entitled to the instruction as a theory of defense, given that his defense, or theory of the case, was self-defense rather than heat of passion.  (*Id*. at 18.)  Although Petitioner argues that there was evidence for the instruction (ECF No. 32 at 3-4), the jury's finding of premeditation undermined any theory that Petitioner killed the victim in a heat of passion.  (ECF No. 30 at 19.)  As the California Court of Appeal found, Petitioner "does not explain how it would be possible for a jury to conclude a defendant's decision to kill, made after carefully weighing the considerations for and against his choice and knowing the consequences, could simultaneously have been made in the heat of passion, a state of mind in which reflection is eclipsed and a person simply reacts from emotion due to the provocation, without deliberation or judgment."  (ECF No. 8-11 at 18 (citation and quotation marks omitted).)

Petitioner objects that he is entitled to habeas relief for Ground Two, in which he claims ineffective assistance of counsel in multiple respects.  (ECF No. 32 at 4-9.)  The California Supreme Court's rejection of this claim was not objectively unreasonable, for the following reasons.

Petitioner objects that counsel was ineffective for failing to retain forensic experts, who "would have established that that stabbing occurred in the manner advocated by Petitioner."  (*Id*. at 5-6.)  This objection is speculative.  (ECF No. 30 at 22 (citing *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997) ("Speculation about what an expert could have said is not enough to establish prejudice.").)

Petitioner objects that counsel was ineffective for failing to move to suppress DNA evidence from a post-arrest mouth swab of Petitioner.  (ECF No. 32 at 6.)  Counsel reasonably could have decided, however, that such a motion would have been futile because there was probable cause to arrest Petitioner.  (ECF No. 30 at

23.)  At the time he was arrested, Petitioner was holding a knife, his clothes were bloody, the victim was injured and covered in blood, and the victim identified Petitioner as the attacker.  (*Id*.)  Because there was probable cause to arrest Petitioner, counsel reasonably could have decided that a motion to suppress the DNA evidence would have failed.

Petitioner objects that counsel was ineffective for failing to request a competency hearing.  (ECF No. 32 at 6-7.)  However, counsel may have had no reason to think there was indicia of incompetency that would have warranted asking the trial court for a competency hearing.  (ECF No. 32 at 24.)  Petitioner gave coherent testimony at trial, and his only mental-health related issue was depression. (*Id*.)  Although Petitioner points out that he was homeless and made bizarre comments to the police (ECF No. 32 at 7), this was insufficient to render counsel's failure to request a hearing unreasonable.  *See United States v. Ives*, 574 F.2d 1002, 1004 (9th Cir. 1978) (a defendant's "bizarre actions or statements" need not alone raise sufficient doubt of competency).

Petitioner objects that counsel was ineffective for failing to negotiate a plea deal.  (ECF No. 32 at 8-9.)  This objection is conclusory and unsupported because Petitioner did not provide any information about plea negotiations in his case. (ECF No. 30 at 26.)  "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Finally, Petitioner objects that he is entitled to habeas relief or Ground Three, in which he claims the police illegally obtained DNA evidence from Petitioner and intimidated a witness.  (ECF No. 32 at 9-10.)   The California Supreme Court's rejection of this claim was not objectively unreasonable.  Petitioner failed to show that the police illegally obtained DNA evidence from him given that there was probable cause to arrest him.  (ECF No. 30 at 26.)  Petitioner's allegation of witness

intimidation (ECF No. 1-2 at 4) is conclusory and unsupported.  *See James*, 24 F.3d at 26.

The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. The Petition is denied.

3. Judgment shall be entered dismissing this action with prejudice.

4. The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: April 29, 2025

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE